YZNAGA DEL VALLE *v.* HARRISON ET AL.

As the Code of Practice of Louisiana provides that all definitive or final judgments must be signed by the judge rendering them, this court, under sect. 691 of the Revised Statutes, as amended by the act of Feb. 16, 1875 (18 Stat. 316), cannot, where the matter in dispute does not exceed the sum or value of $5,000, exclusive of costs, review the judgment of a circuit court of the United States sitting in that State, signed subsequently to May 1, 1875.

MOTION to dismiss a writ of error to the Circuit Court of the United States for the District of Louisiana.

*Mr. Edward Janin* for the defendants in error, in support of the motion.

*Mr. Thomas J. Durant* and *Mr. C. W. Hornor* for the plaintiff in error, in opposition thereto.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The judgment in this case is for less than $5,000, and was given April 9, 1875. A motion for new trial, entered and filed April 13, was overruled, after argument, May 8. The judgment as given was signed by the judge May 10, 1875.

A motion to dismiss for want of jurisdiction is now made, because the matter in dispute is less than $5,000. This writ of error was issued under sect. 691 of the Revised Statutes, as amended by the act of Feb. 16, 1875 (18 Stat. 316), which provides for the re-examination in this court of all final judgments of the circuit courts rendered previous to May 1, 1875, where the matter in dispute exceeds the sum or value of $2,000, and of such as were rendered after that date where it exceeds $5,000. The only question presented by this motion is whether the judgment of the Circuit Court was " rendered " before or after May 1, 1875. If before, we have jurisdiction; if after, we have not.

By the Code of Practice of Louisiana, " the judge must sign all definitive or final judgments rendered by him; but he shall not do so until three judicial days have elapsed, to be computed from the day when such judgments were given." Art. 545, Code 1870; art. 546 of former Code. This, by the operation of sect. 914 of the Revised Statutes (which is a reproduction of sect. 6 of " An Act to further the administration of justice," passed June 1, 1872, 17 Stat. 197), is now by law a rule of practice for the courts of the United States within that State; and it seems, that, as early as 1828, the District Court of the United States in Louisiana had adopted it as a rule of that court. Such being the case, this court held, in *Life and Fire Insurance Company of New York* v. *Wilson's Heirs*, 8 Pet. 303, decided in 1834, that " the judgment, without the signature of the judge, cannot be enforced. It is not a final judgment on which a writ of error may issue for its reversal. Without the

action of the judge, the plaintiffs can take no step. . . . They can neither issue execution on the judgment, nor reverse the proceedings by writ of error." This is in accordance with the settled practice in Louisiana, and is decisive of this case. *Stark* v. *Burke*, 9 La. Ann. 345 ; *Sprigg* v. *Wells*, 5 Mart. N. s. 105; *Ex parte Nicholass*, 4 Rob. 53 ; *Mech. & Tr. Bank N. O.* v. *Walter*, 7 id. 451 ; *Succession of Arbridge*, 1 La. Ann. 207 ; *McWillie* v. *Perkins*, 20 id. 169. As only final judgments can be re-examined here upon writs of error, the judgment to be "rendered," which the statute refers to, must be the final judgment. That judgment is not rendered in Louisiana until it is signed by the judge. In other States, the rule in this respect may be different; and in *Silsby* v. *Foote*, 20 How. 295, we said, "The time to be taken as when the judgment or decree may be said to be rendered or passed may admit of some latitude, and may depend somewhat upon the usage and practice of the particular court." But this being a judgment in Louisiana, and not having been signed until after May 1, was not rendered, according to the practice in that State, before that date ; and consequently the writ must be dismissed for want of jurisdiction.