### EQUATOR COMPANY *v.* HALL.

1. When judgment is rendered against either party to an action for the recovery of real property in Colorado, he is, without showing cause therefor, entitled, by a provision of the Code of Civil Procedure of the State, to one new trial.

2. That provision is binding on the courts of the United States sitting in Colorado.

ERROR to the Circuit Court of the United States for the District of Colorado.

This was an action brought by George W. Hall and Charles H. Marshall, against the Equator Mining and Smelting Company, to recover possession of a silver mine in Colorado. At the December Term, 1878, of the court below the case was, by agreement of the parties, submitted to the judge, who rendered a finding and a judgment in favor of the defendant. Thereupon the plaintiffs paid the costs of the suit up to that time, and under the provisions of sect. 254 of the Code of Civil Procedure of that State obtained a new trial without showing any cause. At the May Term, 1879, the case was submitted to a jury, and a verdict returned for the plaintiffs, on which judgment was entered on the 15th of July. The defendant then, without showing cause, moved for a new trial, which was claimed to be a matter of right under the same section. The judges were divided in opinion as to whether this new trial should be granted, and they certified that question to this court.

The section of the code of Colorado under which this motion was made is as follows: —

"Whenever judgment shall be rendered against either party under the provisions of this chapter, it shall be lawful for the party against whom such judgment is rendered, his heirs or assigns, at any time before the first day of the next succeeding term, to pay all costs recovered thereby, and, upon application of the party against whom the same was rendered, his heirs or assigns, the court shall vacate such judgment and grant a new trial in such case; but neither party shall have but one new trial in any case, as of right, without showing cause. And after such judgment is

vacated, the cause shall stand for trial the same as though it had never been tried."

*Mr. Henry M. Teller* for the plaintiff in error.

There was no opposing counsel.

MR. JUSTICE MILLER, after stating the case, delivered the opinion of the court.

Two questions are presented for our consideration in reviewing the action of the Circuit Court on this motion for a new trial. The first is, whether the Circuit Court of the United States sitting in Colorado is to be governed by the statute of that State on this subject.

At the common law, the fiction in an action of ejectment, by which John Doe and Richard Roe were made respectively the plaintiff and the defendant, permitted any number of trials after verdict and judgment between the same parties in interest on the same question of title, by the use of other fictitious names, and other allegations of demise, entry, and ouster.

The evil of this want of conclusiveness in the result of this form of action led to the interposition of a court of equity, in which, after repeated verdicts and judgments in favor of the same party and upon the same title, that court would enjoin the unsuccessful party from further disturbance of the one who had recovered these judgments.

This form of action, with its inconclusive results, would be the law in Colorado for the recovery of the possession of real estate, but for the statutes of that State, of which sect. 254 of the Code of Civil Procedure is a part. The framers of those statutes, in abolishing the old common-law action of ejectment with its accompanying evils, and in substituting an action between the real parties, plaintiff and defendant, found it necessary to provide a rule on the subject of new trials in actions concerning the titles of land.

A title to real estate has, under the traditions of the common law, been held, in all the States where that law prevailed, to be too important, we might almost say too sacred, to be concluded forever by the result of one action between the contesting parties. Hence, those States which, by abolishing the fictions of the action at the common law, and substituting a direct suit

between the parties actually claiming under conflicting titles, which, according to the nature of this new proceeding, would end in a judgment concluding both parties, have found it necessary to provide for new trials to such extent as each State legislature has thought sound policy to require. These provisions for new trials in actions of ejectment are not the same in all the States, but it is believed that almost all of them which have abolished the common-law action have made provision for one or more new trials as a matter of right.

We are of opinion that when an action of ejectment is tried in a Circuit Court of the United States according to the statutory mode of proceeding, that court is governed by the provisions concerning new trials as it is by the other provisions of the State statute. There is no reason why the Federal court should disregard one of the rules by which the State legislature has guarded the transfer of the possession and title to real estate within its jurisdiction. *Miles* v. *Caldwell*, 2 Wall. 35.

As regards the construction of the statute under consideration, which is the second question, while it is not clear that the language of the statute, that " neither party shall have but one new trial in any case as of right without showing cause," gives to each party at least one new trial if he demands it, we are of opinion, on reflection, that such was the intention of the framers of the code. This conclusion is fortified by a comparison of the previous enactments of the Colorado legislature with this its last expression on the subject. By the previous law it was very clear that only one new trial was demandable as a matter of right in an action of ejectment, and the change of language adopted in the code of 1877 is indicative of intentional change in that respect, — a change which can only mean that each party against whom in turn a verdict may be rendered shall have a right to one new trial. Apart from this absolute right of the parties, the court may grant another trial upon reasonable grounds being shown.

These views require that the question whether the defendant is entitled to have the judgment of the court below vacated and a new trial in said cause without further showing, should

be answered in the affirmative, and dispense with the necessity of examining into the assignment of errors growing out of the trial before the jury.

*Judgment reversed with directions to grant a new trial.*