SMALE *v.* MITCHELL.

QUESTIONS CERTIFIED FROM THE UNITED STATES CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 1418. Argued January 14, 1892. — Decided February 1, 1892.

The provision in the statute of Illinois, (Rev. Stats. c. 45, § 35,) that " at any time within one year after a judgment, either upon default or verdict, in the action of ejectment, the party against whom it is rendered, his heirs or assigns, upon the payment of all costs recovered therein, shall be entitled to have the judgment vacated, and a new trial granted in the the cause " applies to such a judgment rendered in a Circuit Court of the United States, sitting within that State, on a mandate from this court in a case commenced in a court of the State of Illinois, and removed thence to the Circuit Court of the United States.

*Ex parte Dubuque & Pacific Railroad*, 1 Wall. 69, distinguished from this case.

THE court stated the case as follows :

The defendant in error, Charles H. Mitchell, as plaintiff, commenced an action of ejectment in a state court of Illinois, to recover certain described premises situated in that State, against Jabez G. Smale and others, which action was afterwards on sufficient grounds removed to the Circuit Court of the United States for the Northern District of Illinois. Issue being joined in the action, it was tried by the court without a jury, and upon the facts found judgment was rendered on Feb-

ruary 1, 1886, in favor of the plaintiff for a portion of the demanded premises, and in favor of the defendants for the residue. Judgment being entered thereon, the case was brought to this court on a writ of error, and on May 11, 1891, the judgment was reversed and the cause remanded to the Circuit Court with directions to enter judgment for the plaintiff in conformity with the opinion of this court. 140 U. S. 406. According to that opinion, the plaintiff was entitled to recover a greater quantity of land than that described in the judgment reversed. The declaration contained two counts, each describing a portion of the demanded premises, and the opinion directed that a general judgment be entered for the plaintiff for the property described in both counts. The judgment was reversed accordingly, and the cause remanded with instructions as above mentioned. The mandate of the court issued thereon followed the judgment, and was filed in the court below June 8, 1891; and that court, in obedience thereto, on the 12th of June following, entered a judgment in favor of the plaintiff for the premises described, and ordered a writ of possession to be issued.

On the following day, June 13, 1891, the defendants moved the court to vacate the judgment thus entered, and to grant them a new trial under the statute of Illinois, all costs of the action having been previously paid ; but the court, after hearing argument thereon, denied the motion, and to its ruling the defendants excepted.

To review this ruling the defendants, in September, 1891, sued out a writ of error from the Circuit Court of Appeals for the Seventh Circuit, returnable in October following, and assigned as error the refusal of the Circuit Court to vacate the judgment entered on June 12, 1891, and grant a new trial under the statutes of Illinois, the costs having been paid, and the motion made in open court within one year from the rendition of the judgment, and the defendants never having had a new trial in the cause as provided for by that statute.

The case being brought, upon this writ of error, before the Circuit Court of Appeals, was heard on October 5, 1891, and the question arose as to the power of the court below to set

aside and vacate the judgment entered on June 12, 1891, pursuant to the mandate and opinion of the Supreme Court of the United States, and to grant the defendants a new trial, as of course, and simply upon the payment of costs, as provided in the statutes of Illinois relating to the practice in actions of ejectment. The court being advised, it was ordered that the question be certified to the Supreme Court of the United States, pursuant to the sixth section of the act establishing Circuit Courts of Appeals. 26 Stat. 828, c. 517.

On the hearing in the Circuit Court of Appeals the Circuit Judge did not sit, but the court which made the order was held by the Circuit Justice and the District Judge for the Northern District of Illinois, who had been assigned to sit as a member of that court. Upon this certificate the case is now before this court for hearing.

The provisions of the law of Illinois relating to ejectment are contained in sections 34 and 35 of chapter 45 of the Revised Statutes of that State. They are as follows :

" § 34. Every judgment in the action of ejectment shall be conclusive, as to the title established in such action, upon the party against whom the same is rendered, and against all parties claiming from, through or under such party, by title accruing after the commencement of such action, subject to the exceptions hereinafter named.

" § 35. At any time within one year after a judgment, either upon default or verdict in the action of ejectment, the party against whom it is rendered, his heirs or assigns, upon the payment of all costs recovered therein, shall be entitled to have the judgment vacated, and a new trial granted in the cause. If the costs are paid and the motion therefor is filed in vacation, upon notice thereof being given to the adverse party or his agent or attorney, or the officer having any writ issued upon such judgment, all further proceedings shall be stayed till otherwise ordered by the court. The court, upon subsequent application, made within one year after the rendering of the second judgment in said cause, if satisfied that justice will thereby be promoted, and the rights of the parties more satisfactorily ascertained and established, may vacate the judg-

ment and grant another new trial; but not more than two new trials shall be granted to the same party under this section."

*Mr. William C. Goudy* for Smale and others. *Mr. John I. Bennett* was with him on the brief.

*Mr. S. S. Gregory* for Mitchell. *Mr. William M. Booth* and *Mr. James S. Harlan* were on his brief.

The question to be determined is whether a judgment entered on a mandate reversing a judgment of a Circuit Court and directing a contrary judgment in conformity with the opinion of this court, is a judgment of that court on "default or verdict" within the meaning of the Illinois statute. We contend that that statute refers only to a judgment entered on a default, or trial by the trial court, and not to a judgment on mandate, which is virtually the judgment of this court.

The power of the Supreme Court in reviewing judgments of inferior courts is, in some respects, defined in section 701 of the Revised Statutes. This court does not enter judgments and issue execution as is done in courts of last resort in some of the States, but, having decided the case, remands it to the court below, with directions to enter the appropriate judgment there. When judgment has been entered in accordance with such direction of this court, it becomes in substance and effect the judgment, not of the court to which the case was remanded, but of this court, and as such it is not subject to be superseded or controlled in any way by the court below. *Stewart* v. *Salamon*, 97 U. S. 361; *Humphrey* v. *Baker*, 103 U. S. 736.

This view was taken under the judiciary act of 1789, 1 Stat. 73, c. 20. *Ex parte Sibbald*, 12 Pet. 488. Section 24 of that act is as follows: "And be it further enacted, That when a judgment or decree shall be reversed in a Circuit Court, such court shall proceed to render such judgment or pass such decree as the District Court should have rendered or passed; and the Supreme Court shall do the same on reversals therein, except where the reversal is in favor of the plaintiff or petitioner in the original suit, and the damages to be assessed or

matter to be decreed are uncertain, in which case they shall remand the cause for a final decision. And the Supreme Court shall not issue execution in causes that are removed before them by writs of error, but shall send a special mandate to the Circuit Court to award execution thereupon."

This section might seem to contemplate that this court should render, except in special cases indicated, the appropriate judgment, and, therefore, when this court, instead of entering judgment, sent back a case under that act to the court below for the entry of judgment, it might be argued with much more plausibility than it can be under the section of the Revised Statutes referred to, that the judgment so entered was the judgment of the court below, and not of this court.

But the contrary has been held, as indicated in the case cited, and in a later case, where it may fairly be said the question now before the court was decided adversely to the contention of the plaintiffs in error. *Ex parte Dubuque & Pacific Railroad*, 1 Wall. 69.

This case cannot be distinguished from the one now before this court upon the ground that the Illinois statute permits a new trial as matter of right, whereas, by the Iowa statute, then construed by this court, such new trial is allowed, without cause, only in the discretion of the court. For in that case this court held expressly that the trial court was wholly without power to act upon the judgment of this court, and that the statute applied only to judgments of the trial court. And so, it was held by Judge Wallace, that the Circuit Court cannot entertain a motion for a new trial upon the ground of newly discovered evidence, after mandate from this court, directing final judgment for the plaintiff. *John Hancock Ins. Co.* v. *Manning*, 7 Fed. Rep. 299.

The judgment entered in pursuance of the mandate of this court is not in any ordinary sense the judgment of the court which enters it, but is in substance the judgment of the Supreme Court, and not subject to the ordinary incidents of a judgment entered in the trial court.

The authorities are plain that a judgment of this court, or other court of last resort, is an adjudication conclusive and

binding in that case, whenever it is again presented to the court on substantially the same record. *Dodge* v. *Gaylord*, 53 Indiana, 365; *Smyth* v. *Neff*, 123 Illinois, 310; *Union National Bank* v. *International Bank*, 123 Illinois, 510; *Corning* v. *Troy Factory*, 15 How. 451; *Sizer* v. *Many*, 16 How. 98; *Roberts* v. *Cooper*, 20 How. 467.

On the 1st day of February, 1886, the original judgment was rendered in the case, and that judgment was *against the defendants* — the plaintiffs in error here — and therefore the very moment that judgment was rendered their case was ready for the exercise of their right to have the same vacated, and a new trial as a matter of right.

They have no right whatever to have a new trial as to this part of the land in controversy. Their first application for such new trial was made June 13, 1891, more than five years after the first judgment against them for this tract was rendered. It is true, in the interval, that judgment was reversed by this court, and another judgment entered against them for all the lands in suit.

But it would be a hardship to impose upon a plaintiff the retrial of a case as to land awarded to him in the court below as a penalty for having successfully prosecuted a writ of error in this court to reverse that judgment as to other lands.

*Mr. William Prescott* filed a brief for Mitchell.

*Mr. Thomas Dent*, by leave of court, filed a brief for Gertrude Hardin, plaintiff in *Hardin* v. *Jordan*, 140 U. S. 371, who was interested in the question in this case.

Mr. JUSTICE FIELD, after stating the case, delivered the opinion of the court.

The contention of the plaintiffs in error, the defendants below, is that the mandate of the Supreme Court was fully obeyed when, in pursuance thereof, judgment was entered in the Circuit Court, and that they have the same right after the entry of that judgment to a new trial, according to the pro-

visions of the statute of Illinois, which they would have had if the Circuit Court had on the trial, in the first instance, rendered such judgment. On the other hand, the contention of the defendant in error, the plaintiff below, is that the judgment entered by direction of the Supreme Court of the United States is final, and that the right to a second trial given by the statutes of Illinois to the losing party in ejectment does not apply where the judgment against such party is entered by direction of that court.

It is insisted at the outset that the statute of Illinois confers a right to a new trial in ejectment only when the judgment is rendered upon default or verdict, and does not apply to cases where it is entered upon the mandate of an appellate court, the latter judgment not being within its language or intent. We are unable to agree in this respect with counsel. By a judgment upon a verdict the statute evidently intended to embrace all cases where the decision upon which the judgment was entered had been given upon contestation, as distinguished from one upon default; and the reason of the law is as applicable to all judgments in such cases as to those entered upon verdicts of a jury. *Chamberlin* v. *McCarty*, 63 Illinois, 262.

By the common law the action of ejectment was purely one of possession, and as it proceeded upon a fictitious demise between fictitious parties, its determination decided nothing beyond the right of the plaintiff at the date of the alleged demise. A new action upon the allegation of a different demise might immediately be instituted. It was only after repeated verdicts in such cases in favor of the plaintiff that the real claimant could apply to a court of equity to quiet the possession and put an end to the fruitless litigation respecting the property. A judgment in ejectment in an action was consequently not a bar to a second action for the same premises.

The law of Illinois changes this rule of the common law, and makes a judgment in the action of ejectment conclusive as to the title established in such action upon the party against whom it is rendered, and parties claiming under him by title arising after the commencement of the action, subject to cer-

tain exceptions named. Those exceptions provide in two cases for a second trial of the action. One is after the first trial and judgment; the party against whom the judgment has been rendered, or his heirs or assigns, is entitled to have the judgment set aside and a new trial granted within one year from the date of the judgment, upon the payment of all costs in the action. The new trial in such case is a matter of right, upon the mere application of the party. The other is after the second trial and judgment; then a new trial may be granted, upon the application of the losing party, if the court is satisfied that justice would be thereby promoted, and the rights of the parties be more satisfactorily ascertained and established. But only two trials can be granted to the same party

This absolute right of a party against whom a judgment in ejectment has been rendered in such cases to a second trial, upon his application and payment of costs in the action, is esteemed in Illinois to be a valuable one. The statute which authorizes it is there regarded as conferring a substantial right, in that it increases the security of holders of real property, that in case their title is brought into litigation it will be more fully examined and satisfactorily ascertained and established than by confining the parties to a single trial, as in other controversies except where another trial is ordered for cause. In the courts of that State this right is secured in all cases of ejectment. As it is a valuable one, there would seem to be every reason why it should be enjoyed when the action was commenced in a state court, and for good cause removed to a court of the United States, there being nothing in the practice of the latter court or in the laws of Congress which prevents or impedes its enjoyment. If there existed any such objection in the practice of the Federal courts, or in any law of Congress, as prevents the trial of equitable defences to an action at law which are allowed in some state courts, the second trial in ejectment simply upon the application of the party and the payment of the costs might properly be refused; but there exists, as stated, no such objection. It is not the purpose of the statutes of the United States, which authorize the removal of causes from a state court to a Federal court, to deprive

either party of any substantial right, but to secure to the parties all such rights which could be claimed in the state courts when capable of enforcement under the settled Federal practice.

The duty of the Federal courts to follow the practice of the state courts in cases like the present one, where the law of the State allows a new trial in actions of ejectment without showing cause, is recognized by this court in *Equator Co. v. Hall*, 106 U. S. 86, 88. That was an action in the Circuit Court of the United States against a mining company to recover possession of a silver mine in Colorado. The case was, by agreement of parties, submitted to the judge of the court, who found for the defendant and rendered judgment in his favor. Thereupon the plaintiffs paid the costs of the action up to that time, and under the provisions of a section of the Code of Civil Procedure of that State moved for and obtained a new trial without showing any cause. At a subsequent term the case was again tried, and the jury returned a verdict for the plaintiffs, on which judgment was entered. The defendant then, without showing cause, moved for a new trial, which was claimed to be a matter of right under the same section of the code under which the previous new trial had been granted. The judges of the court were divided in opinion on this motion, and certified the question to this court. The section of the Code of Colorado under which the motion was made was as follows :

" Whenever judgment shall be rendered against either party under the provisions of this chapter, it shall be lawful for the party against whom such judgment is rendered, his heirs or assigns, at any time before the first day of the next succeeding term, to pay all costs recovered thereby, and, upon application of the party against whom the same was rendered, his heirs or assigns, the court shall vacate such judgment and grant a new trial in such case ; but neither party shall have but one new trial in any case, as of right, without showing cause. And after such judgment is vacated, the cause shall stand for trial the same as though it had never been tried."

In disposing of the question this court referred to the fictions in the action of ejectment at common law, and to the inconclusiveness of the results of such actions, and observed that this form of action had been abolished in some of the States, and that in abolishing it with its accompanying evils, and in substituting an action between the real parties, plaintiff and defendant, it was found necessary to provide a rule on the subject of new trials in actions concerning the titles of land. While these provisions, said the court, were not the same in all States, it was believed that almost all of them had made provision for one or more new trials as a matter of right. The court added: "We are of opinion that when an action of ejectment is tried in a Circuit Court of the United States according to the statutory mode of proceeding, that court is governed by the provisions concerning new trials as it is by the other provisions of the state statute. There is no reason why the Federal court should disregard one of the rules by which the state legislature has guarded the transfer of the possession and title to real estate within its jurisdiction. *Miles* v. *Caldwell*, 2 Wall. 35."

That decision goes beyond the requirement of this case, for that action was commenced in a Federal court, while here it was begun in a state court, and subsequently removed to the Circuit Court of the United States. It is only necessary to hold that in this case the same right to a second trial can be claimed and enforced as if the action had never been thus removed.

Against this view the defendants in error cite section 701 of the Revised Statutes of the United States, which prescribes the power of the Supreme Court in reviewing the judgment of inferior courts as follows:

"The Supreme Court may affirm, modify or reverse any judgment, decree or order of a Circuit Court, or District Court acting as a Circuit Court, or of a District Court in prize causes, lawfully brought before it for review, or may direct such judgment, decree or order to be rendered, or such further proceedings to be had by the inferior court, as the justice of the case may require. The Supreme Court shall not issue execution in

a cause removed before it from such courts, but shall send a special mandate to the inferior court to award execution thereupon."

They contend that, the Supreme Court having rendered its decision and remanded the case to the court below, with directions to enter the appropriate judgment, the judgment thus entered becomes in substance and effect the judgment, not of the court to which it was thus remanded, but of the Supreme Court, and that it is not within the power of the lower court to change its results or directions in any respect. Undoubtedly, in ordinary cases, a new trial cannot be granted by the court below, except for good cause, and in the exercise of its sound judgment, and it is not within its power, in entering the judgment of the Supreme Court, to award a new trial; and it only remains to carry the judgment into execution.

But this rule cannot apply to an action of ejectment, where the party is entitled by the law of the State in which the action arose to a new trial without showing cause, and in regard to which the trial court possesses no discretion. The judgment entered in an action of ejectment in such case, by direction of the Supreme Court, stands subject to the same control by the lower court as if thus rendered in the first instance.

The defendants in error also cite in support of their position the case of *Ex parte Dubuque & Pacific Railroad*, 1 Wall. 69. At first sight this decision would seem to be an authority for their position, but upon examination it appears that the new trial there depended upon the discretion of the court, and that there was not, as mistakenly stated, any statute at that time in Iowa which gave the party a right to a new trial as a matter of course. It appears from the record in that case, that after the mandate had gone down, and judgment had been entered in obedience to it, affidavits were presented and a motion made for a new trial, which was granted by the court; and that subsequently a mandate was issued by this court commanding the court below to vacate the order. That case, therefore, as correctly stated by counsel, falls within the class where the litigation was ended with the first trial, and its

decision does not apply to those cases of ejectment where more than one trial is directly allowed by statute.

Our conclusion is, that

*The plaintiffs in error were entitled to a new trial, upon their application in the Circuit Court and payment of costs, without showing other cause than that a judgment was entered against them within the year. This conclusion will be certified to the Circuit Court of Appeals, upon which that court will proceed to render the proper judgment in the case pending before it; and it is so ordered.*