## CHAPMAN *v.* HANDLEY.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF UTAH.

No. 206. Submitted January 17, 1894. — Decided January 29, 1894.

Under the statutes of the Territory of Utah relating to the distribution of the personal property of a deceased person among those entitled to share in the distribution, the claims of the distributees are several, and not joint; and when the claims of each are less than the amount necessary to give this court jurisdiction, two or more cannot be joined, in order to raise the sum in dispute to the jurisdictional amount.

THE case is stated in the opinion.

*Mr. J. G. Sutherland* for appellants.

*Mr. E. D. Hoge* and *Mr. Arthur Brown* for appellees.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

Ruth A. Newsom, *née* Handley, Benjamin T. Handley, Harvey L. Handley, and Sarah A. Chapman filed their petition in the probate court of Salt Lake County, Utah Territory, in the matter of the estate of George Handley, deceased, setting forth the death of said George Handley, May 25, 1874, intestate; the appointment and qualification of Elizabeth, his widow, as administratrix of his estate, April 12, 1888; the expiration of the time for the presentation of claims after publication of notice; the filing of the inventory of said estate describing certain real property; the sale of a portion under order of court and payment of the account for which the money obtained through such sale was needed, leaving a balance on hand; the filing of a final account and the fixing of a day for hearing thereon; and proceeding thus:

"Said George Handley died, leaving him surviving the said Elizabeth Handley, his widow, and his eight children and heirs-at-law, named, respectively, John Handley, William F. Handley, Charles T. Handley, Emma Handley, Ruth A. Newsom, Benjamin T. Handley, Mary F. Handley, and Harvey L. Handley. The four first named are the children of said deceased and said Elizabeth, his lawful wife, and the last four were children of said deceased and your petitioner, Sarah A. Chapman, his plural wife according to the tenets and rites of the Mormon Church; that all said children are now living except Mary Handley, who died, without issue or having been married, on the 28th day of September, 1879; that all said children are of age except said Harvey Handley, who is sixteen years of age.

"Your petitioners therefore pray that they may be recog-

nized as heirs-at-law of said George Handley, deceased, equally with said four children of said deceased first above named, your petitioner, Sarah A. Chapman, as mother in place and as representative of said Mary Handley, deceased, and that after the hearing upon said account of said administratrix that the said estate may be divided among and distributed to said heirs-at-law according to their respective interests; that one-half of said estate may be apportioned to your petitioners."

The record does not contain the order of the probate court on this petition, but it otherwise appears and is conceded that the prayer of the petitioners was denied. Thereupon an appeal was taken therefrom by petitioners to the District Court for the Third Judicial District of the Territory and the county of Salt Lake, by which special findings of fact and conclusions of law were filed, and it was ordered that the petition be dismissed.

The petitioners appealed to the Supreme Court of Utah Territory, and the judgment of the District Court was affirmed. The pending appeal was then taken to this court.

The total value of the estate in controversy was found to be $25,000, and counsel for appellants thus states his case: "George Handley died May 25, 1874, leaving Elizabeth Handley, who was his lawful wife, and their four children, (the respondents,) and four children by a plural wife, one of whom died in infancy, her interest, now represented by her mother as heir, (the appellants). The court below distributed the entire estate to the lawful wife and her four children, holding that the children of the plural wife were not entitled to inherit. A statute enacted by the legislative assembly of Utah, in 1852, provided: 'Section 25. Illegitimate children and their mothers inherit in like manner from the father, whether acknowledged by him or not, provided it shall be made to appear to the satisfaction of the court that he was the father of such illegitimate child or children' (Compiled Laws Utah, 1876, § 677);" that the Supreme Court held that this legislation was disapproved and annulled by the act of Congress of July 1, 1862, c. 126, 12 Stat. 501, and that this was error.

The application to the probate court was, in legal effect, for distribution only, and can be given no wider scope, notwithstanding the language used in the prayer of the petition ; and as the distributive shares, if the petitioners were included, could not reach the sum necessary to give this court jurisdiction, we are obliged to dismiss the appeal.

It is true that there are cases where there are several plaintiffs interested collectively under a common title where jurisdiction may be maintained, but this case does not fall within that category.

The claims of distributees are several and not joint, and a joint application for distribution can only result in judgments in severalty. By sections 4261 and 4262 of the Compiled Laws of Utah, 1888, vol. 2, p. 529, it is provided that upon the final settlement of the accounts of an executor or administrator, on his application or that of any heir, legatee, or devisee, the court shall proceed to distribute among the persons by law entitled thereto; and that in the order or decree the court must name the persons and the proportions or parts to which each shall be entitled, and such persons may demand and sue for and recover their respective shares, in any court of competent jurisdiction.

It is the distinct and separate share of each distributee that is involved in the proceeding, and although in this instance, if the children of the plural wife had been admitted to share they would have obtained, and an amount in excess of five thousand dollars would have been withdrawn, from the other children, the gain on the one side and the diminution on the other would have been proportionately as to each, and not in the aggregate as to all.

Under such circumstances it is the settled rule that the writ of error or appeal cannot be sustained. *Gibson* v. *Shufeldt*, 122 U. S. 27; *Miller* v. *Clark*, 138 U. S. 223; *Henderson* v. *Carbondale Coal Co.*, 140 U. S. 25; *New Orleans Pacific Railway* v. *Parker*, 143 U. S. 42.

*Appeal dismissed.*