## TOLEDO, ST. L. & W. R. CO. v. REARDON.

(Circuit Court of Appeals, Sixth Circuit. February 15, 1908.)

### No. 1,727.

1. WRIT OF ERROR—FORMER DECISIONS—LAW OF CASE.

Where, on a former writ of error in an action for injuries to a servant, the court reversed a judgment for defendant, and held that the court should have submitted the case to the jury, such determination constituted the law of the case on a retrial, where the evidence was conflicting and much the same as on the first trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4661–4665.]

2. COURTS—FEDERAL COURTS—SUBMISSION TO JURY—STATE LAW.

The law of the state with reference to submission to the jury of special interrogatories does not control the federal courts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 927.]

3. WRIT OF ERROR—REVIEW—MATTERS OF DISCRETION—SUBMISSION OF INTERROGATORIES.

Refusal of the trial judge in the exercise of discretion to submit special interrogatories to the jury because they were not filed until during the argument cannot be assigned as error.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3858, 3859.]

4. SAME—INVITED ERROR.

Where, in an action for injuries to a servant, defendant's counsel presented 20 requests to charge with respect to the duties and liabilities of the respective parties, no one of which limited the employer's duty to provide a safe place to the exercise of ordinary care in that behalf, defendant was not entitled to urge on writ of error to reverse the judgment that an instruction that one of the things which an employer is required under the law to do for the employé is to provide reasonably safe places at which, or on which, or in which the employé is required to

work, etc., was defective because an employer was bound only to use ordinary care to provide a reasonably safe place.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3602–3604.]

5. MASTER AND SERVANT—INJURIES TO SERVANT—EVIDENCE—USAGE OR CUSTOM.

Where, in an action for injuries to a railroad switchman by an alleged defect in an embankment by the side of the track on or over which plaintiff stepped when he left the engine to turn a switch, the question arose as to whether the defect was within defendant's right of way or was on private property adjacent thereto, proof of a custom for switchmen to alight at the place where plaintiff did, and where the defect existed, was admissible to show that though the place may have been private property the defendant by using it for his own purposes, so far as its employés were concerned, was bound to keep it in a reasonably safe condition.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 913–932.]

6. TRIAL—INSTRUCTIONS—REFUSAL TO REQUEST.

It was not error to refuse requests to charge, where the instructions given were full and fair, and aptly presented the case on the law and the evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 651–659.]

In Error to the Circuit Court of the United States for the Western Division of the Northern District of Ohio.

C. A. Schmettau, for plaintiff in error.

C. A. Thatcher, for defendant in error.

Before SEVERENS and RICHARDS, **Circuit** Judges, and KNAPPEN, District Judge.

SEVERENS, Circuit Judge. This cause is brought before this court for the second time. The action was brought by Reardon to recover damages for a personal injury sustained by him on March 3, 1904, in consequence, as he alleges, of the negligence of the railroad company in the maintenance in proper condition of the grounds used in its business at its yards in the city of Toledo. He was at the time of the accident, and had been for a considerable time before, employed by the company as a switchman at that place. At the first trial the court being of opinion that the plaintiff had not made out his case directed the jury to return a verdict for the defendant. This was done. And from the judgment entered thereon the case was brought here. Upon consideration of the evidence we thought the facts should have been left to the jury. The judgment was reversed and the cause remanded for a new trial. 147 Fed. 187, 77 C. C. A. 415. A second trial was had and resulted in a verdict for the plaintiff. The present writ of error, sued out by the railroad company, brings up the record of that trial and the judgment for review upon assignments of error, the main burden of which is that the court refused to instruct the jury to find for the defendant at the close of the evidence. The nature of the case and of the issues controverted are stated in our former opinion and need not be repeated.

1. The evidence was much the same on the last as on the former trial. There were small differences, but, as before, upon the material

facts the evidence was conflicting. It might be that the preponderance of it was as to some questions greater, and on others less, than on the former trial. But this did not affect the relative provinces of the court and jury. This being so, it follows that our former decision must be regarded as controlling. The court below would have disregarded it if it had again taken the case from the jury.

2. During the argument before the jury counsel for defendant requested the court to submit to the jury in connection with the main issue certain special interrogatories in regard to particular facts, for special findings. The court denied the request, assigning as a reason that they had not been filed until during the argument to the jury. And counsel refer to a statute and decisions thereon of the courts of Ohio to the effect that such requests may be submitted at any time before the case is submitted to the jury. But the law of the state does not control the federal courts in respect to the mode in which causes shall be submitted to a jury. Nudd v. Burrows, 91 U. S. 441, 23 L. Ed. 286. Indianapolis, etc., R. R. Co. v. Horst, 93 U. S. 291, 23 L. Ed. 898; Lincoln v. Power, 151 U. S. 443, 14 Sup. Ct. 387, 38 L. Ed. 224. It was a matter entirely within the discretion of the court whether it would submit the special questions for separate findings, and its action therein cannot be assigned as error.

3. It is also complained that the court, in charging the jury on the subject of plaintiff in error's duties towards Reardon, used the following language:

"Now, the particular duty which the plaintiff claims the defendant owed to him and did not perform is this, in substance: One of the things which an employer is required under the law, as it has grown up, to do for the employé is to provide reasonably safe places at which, or on which, or in which the employé is required to work in performing the master's work; and plaintiff claims that that duty the master in this case—the railroad company—failed to perform, and that in consequence of that failure he was injured."

It must be admitted that this was not a precisely correct statement of the law upon the subject. The defendant contends that the court should have said that the employer was bound to use ordinary care to provide a reasonably safe place. No doubt, if the court had been then asked to modify its instruction in that way, the request would have been granted; but the defendant contented itself with a general exception to the instruction without pointing out the particular in respect of which the statement needed modification. The defendant's counsel presented 20 requests to instruct the jury in regard to the duties and liabilities of the respective parties. But in no one of them was the duty of the defendant to provide a safe place put with the modification now suggested. For example, the fifth, which was:

"If you find from the evidence that the defendant had provided a safe place at the switch where its switchmen could perform their work, it had thereby complied with its legal duties in that respect, if the switchmen, instead of using the place provided by the defendant, chose some other place in which to perform their duties, they did so at their own risk."

And the eighth:

"If the plaintiff fails to prove by the preponderance of the evidence that the ground on top of the retaining wall was maintained by the defendant,

and that the defendant negligently failed to maintain the same in a safe condition, and negligently permitted a hole to remain back of the retaining wall by reason of which Reardon was injured, then your verdict must be for the defendant."

The court in its charge seems to have accepted this form of statement of the defendant's liability as correct.   In these circumstances we think the error, not then noticed, or if noticed was allowed to lurk without challenge, cannot now be employed to disturb the judgment. The circumstances are very similar to those on which error was assigned in the case of Coney Island Co. v. Dennan, 149 Fed. 687, 79 C. C. A. 375, which we disposed of in like manner.

4. Another question discussed in the briefs of counsel relates to the competency of the proof of a custom or usage, which the evidence tended to show had been practiced and permitted by the railroad company for a long time, for the switchmen to get off the train at the place where plaintiff left the engine to throw the switch, and where the defect which caused the accident existed. A question arose as to whether the defect in the embankment by the side of the track on or over which the plaintiff stepped when he left the engine was within the line of the company's ownership or was on private property adjacent to that owned by the company.   Proof of the usage was competent in the latter case to show that notwithstanding the place may have been on private property, yet that, by assuming control over and using it for its own purposes, the conditions, so far as its employés were concerned, were the same as if the company owned it.   This was the view taken by the court in receiving the evidence and submitting it to the jury, and we think it was entirely correct.   It would be utterly unreasonable to require the switchmen to enter into an inquiry respecting the company's right to occupy the place where he was set to work if there had been a custom to use it of such long standing that he would naturally suppose it had the right which the custom indicated.

Some other questions of minor importance are made, none of which seem to deserve separate discussion, unless it be a complaint that several of the defendant's requests to charge the jury were not given. But the charge of the court covered all the essential features of the case, and the court was under no duty to give the instructions prepared by counsel.   The instructions given were full and fair, and aptly presented the case on the law and the evidence.   The clearness with which this was done would probably have been more marred than mended by giving the disjointed requests of counsel, although the latter may have been entirely correct.

The judgment must be affirmed, with costs.