## ELLICOTT MACHINE CORPORATION v. VOGT BROS. MFG. CO.

(Circuit Court of Appeals, Sixth Circuit. May 4, 1920.)

**1. Courts ⬥354—Judgment not invalid because not entered in conformity with state practice.**

Under a long-continued and well-understood practice of a federal court in Kentucky for the judge to approve and sign judgments and orders for entry by the clerk, and to sign the journal only at the close of the term, usually kept open until the beginning of the next term, a judgment so signed and entered *held* valid and effective from the date of its entry, notwithstanding Ky. St. § 378, which requires each day's proceedings to be signed by the judge, and under which, as construed by the state Court of Appeals, there is no valid judgment until the journal, or "order book," is signed by the judge.

**2. Courts ⬥339—Conformity statute does not apply to manner of keeping and signing record.**

Conformity statute (Rev. St. § 914 [Comp. St. § 1537]), which requires federal courts to conform "as near as may be" to the state practice, does not apply to the manner in which a judge shall perform his personal duties, and where, because of the number of terms a judge is required to hold in his district at different places, it is necessary or expedient for the prompt dispatch of business, it is within his discretion to keep one term open until the beginning of the next at the same place, and to sign the journal only at the close of the term, although a state statute requires that it be signed each day.

Application for Allowance of Writ of Error to the District Court, of the United States for the Western District of Kentucky; Walter Evans, Judge.

Action at law by the Ellicott Machine Corporation against the Vogt Brothers Manufacturing Company. Judgment for plaintiff, defendant's application for writ of error denied by trial court (267 Fed. 934), and defendant applies to the Circuit Court of Appeals for allowance of writ of error. Allowance refused.

Writ of error, certiorari, and mandamus denied 254 U. S. ——, 41 Sup. Ct. 8, 64 L. Ed. ——.

Alex P. Humphrey and Humphrey, Crawford & Middleton, all of Louisville, Ky., and Piper, Carey & Hall, of Baltimore, Md., for plaintiff.

Helm Bruce and Alex. G. Barrett, both of Louisville, Ky., for defendant.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge. [1] A judgment having been rendered in favor of the Ellicott Company and against the Vogt Company, by the United States District Court for the Western District of Kentucky, and the District Judge having refused to allow a writ of error (267 Fed. 934), application is now made to this court therefor. It appears that the case was tried by jury, which rendered judgment for plaintiff on June 3, 1919. On the same day, a complete judgment in due form was written out, signed by the District Judge, and filed with the clerk, as part of the files in the case. Thereupon, and upon the same day,

the clerk entered the judgment at length upon the journal of the court, called, in Kentucky, the "Order Book," but did not (as we infer from the record) copy the signature of the judge. At the end of the then current term, and under date of October 11, 1919, immediately after the entry of the adjournment of the term, there appears upon the order book the signature of the District Judge. Upon the face of the judgment record of June 3d, there is also found the indorsement:

"For special reasons, the record of the proceedings of June 3, 1919, is signed this January 22, 1920.                                      Walter Evans, Judge."

While the parties were engaged in the settlement of a bill of exceptions, the period of 6 months from and after June 3, 1919, expired. Thereafter the application for allowance of writ of error was made to the District Judge, and was denied by him, because he thought the application was too late under section 11 of the Circuit Court of Appeals Act (section 1647, U. S. Comp. St. 1916). Obviously he was right, unless for the effect of the further facts now to be stated. Section 378 of the Kentucky Statutes is as follows:

"The proceedings of each day shall be drawn up by the clerk from his minutes in a plain, legible manner, which, after being corrected as ordered by the court, and read in an audible voice, shall be signed by the presiding judge."

Construing this statute, the Court of Appeals of Kentucky has held that, giving due effect thereto, there is no valid judgment in existence until the day on which the judgment is signed by the judge on the order book. Ewell v. Jackson, 129 Ky. 214, 110 S. W. 860; Farris v. Matthews, 149 Ky. 455, 149 S. W. 896; Interstate Co. v. Farris, 159 Ky. 820, 169 S. W. 535. It is said that the effect of the familiar provisions of the Conformity Act (section 914, R. S.; section 1537, U. S. Comp. St. 1916) is to carry over into the court below the Kentucky statute as interpreted in these decisions, with the result that no valid judgment ever existed until October 11, 1919, or, more probably, until January 22, 1920, and that, since the application for writ of error was within 6 months after the earlier of these dates, it should have been allowed.

A situation at least superficially similar arose in Del Valle v. Harrison, 93 U. S. 233, 23 L. Ed. 892, in which it was held that no valid judgment existed in the District Court of Louisiana until it had been signed by the judge as required by the Louisiana Code (Code Prac. art. 546). If this decison is rightly applicable to the facts and circumstances here existing, the writ of error must be allowed.

It should be stated that Tennessee has a statute (sections 5852, subd. 5, and 5913 of Shan. Code of 1917–18) very similar to the above-quoted statute of Kentucky, although we do not find that it has been construed by the Supreme Court of Tennessee, and that, as we learn by inquiring of the District Judges, neither in Kentucky nor in Tennessee, for 20 years or more, has any judgment been signed by the judge upon the order book or journal of the court at the time of its rendition or thereafter, save as a signature sometimes made at the close of the term might take effect upon all judgments rendered during the term. In each of the districts in each of these two states, the

law requires sessions of the court to be held at least twice a year in each of from three to seven places scattered through the district. The practice has been universally to hold each term open at each place until the beginning of the next term. It has also been the practice, in every case where a judgment or order became ripe for entry after the judge had finished actual hearings and gone to another place, for him to authenticate by his signature a draft of the proper judgment entry or order and send it by mail to the clerk at the place of holding court, whereupon it was entered by the clerk and considered and treated as taking effect from the day of such entry. The general practice has been approved by the Supreme Court, but without reference to the point now involved. U. S. v. Finnell, 185 U. S. 236, 22 Sup. Ct. 633, 46 L. Ed. 890. It is clear that to sustain the contention of the applicants for this writ will, in one or perhaps both of these states, overturn a long-settled practice, and—as it would seem—invalidate all the law judgments and orders which have been entered in at least the Kentucky federal districts. This situation admonishes us that the Del Valle Case should be most carefully considered, before it is so applied as to have this effect.

With more specific reference to the practice in the district now immediately involved, the District Judge, in his memorandum, states that, upon his appointment, in 1899, he found himself confronted with the necessity of holding two terms each year in four different places; that it was often impracticable to have the order books ready for signature before he was compelled to leave for business at some other place in the district; that, in order to prevent delays, it was found to be necessary to keep each term of court open at each place until the next term there began; that it was not feasible to be continually sending the order books to him for his signature at whatever part of the district he might be; and that, after careful consideration of the subject-matter, he adopted, and has ever since pursued, the practice by which each judgment and order at law, which is to appear upon the order book, is written out upon a separate paper, and, when approved as to form, is signed by him. In so far as these matters are ready for entry from day to day while the judge remains at this place, they are handed to the clerk to file as a part of the record in the case, and are, by the clerk, transcribed upon the order book. Those which are not ready when the session at that place is suspended are thereafter in the same way approved and signed by the judge, sent by mail to the clerk, and by him filed and entered. This practice was not covered by any printed or published rule, but it was followed without exception, and has been familar to, and understood by, all counsel practicing in the court, and its propriety and sufficiency have never been in any way questioned.

[2] We do not find that the Del Valle Case has ever been cited or applied by the Supreme or any federal court. In view of the fact that the Louisiana statute related to an act to be performed by the judge, and as it has now come to be the settled rule of the federal courts that the conformity statute does not apply to the manner in which the judge

shall perform his personal duties on the bench,[1] nor at all to appellate or review proceedings,[2] but only to the manner in which the parties shall bring the case to issue and to trial,[3] or to substantial rights which the state statute gives to a party,[4] it is suggested that the Del Valle Case, if originally intended to rest upon its construction of the Conformity Act, must be considered, to that extent, overruled; but we find no necessity for considering this question. Section 914 of the Revised Statutes directs that the state practice shall be followed by the federal courts as near as may be, any rule of the federal court notwithstanding. Revised Statutes, § 918 (section 1544, U. S. Comp. St. 1916), expressly grants to the federal trial courts power to make rules to "regulate their own practice as may be necessary or convenient for the advancement of justice and the prevention of delays in proceedings." There seems no way of reconciling these seemingly inconsistent provisions, unless through the effect of the "as near as may be" clause. There is ample room to say that where, in the judgment of the federal nisi prius court, the adoption of a particular practice is necessary or convenient to meet the particular needs of that court, and when there is reasonable basis for that judgment, the "as near as may be" clause will take effect, precise conformity will not be required, and the particular federal practice or rule will prevail. This seems to be the conclusion reached in Shepard v. Adams, 168 U. S. 618, 623–627, 18 Sup. Ct. 214, 42 L. Ed. 602. The substance of the decision is thus stated:

"We think it is sufficiently made to appear, by these citations from the statutes, that while it was the purpose of Congress to bring about a general uniformity in federal and state proceedings in civil cases * * * yet that it was also the intention to reach such uniformity often largely through the discretion of the federal courts, exercised in the form of general rules, adopted from time to time, and so regulating their own practice as may be necessary

---

[1] Nudd v. Burrows, 91 U. S. 426, 441, 23 L. Ed. 286, charge to jury; Indianapolis Co. v. Horst, 93 U. S. 291, 23 L. Ed. 898, findings by jury; Lincoln v. Power, 151 U. S. 436, 14 Sup. Ct. 387, 38 L. Ed. 224, charge to jury; Mutual Ass'n v. Barry, 131 U. S. 100, 119, 9 Sup. Ct. 755, 33 L. Ed. 60, and Grimes Co. v. Malcolm, 164 U. S. 483, 491, 17 Sup. Ct. 158, 41 L. Ed. 524, special verdicts; Western Union v. Burgess (C. C. A. 6) 108 Fed. 26, 32, 47 C. C. A. 168, charge to jury; Insurance Co. v. Friedman (C. C. A. 6) 133 Fed. 713, 726, 66 C. C. A. 543, keeping jury together; Toledo Co. v. Reardon (C. C. A. 6) 159 Fed. 366, 368, 86 C. C. A. 366, special questions; Yates v. Coke Co. (C. C. A. 6) 221 Fed. 603, 608, 137 C. C. A. 327, charge to jury.

[2] Newcomb v. Wood, 97 U. S. 581, 24 L. Ed. 1085, compulsory new trial; Re Chateaugay Co., 128 U. S. 544, 553, 9 Sup. Ct. 150, 32 L. Ed. 508, bill of exceptions; St. Clair v. U. S., 154 U. S. 134, 14 Sup. Ct. 1002, 38 L. Ed. 936, taking exceptions; McDonald v. Pless, 238 U. S. 264, 266, 35 Sup. Ct. 783, 59 L. Ed. 1300, impeaching a verdict; Bristol Co. v. Boy (C. C. A. 6) 261 Fed. 297, 302, remittitur.

[3] Re Chateaugay Co., 128 U. S. 544, 554, 9 Sup. Ct. 150, 32 L. Ed. 508, bill of exceptions; Insurance Co. v. Friedman (C. C. A. 6) 133 Fed. 713, 726, 66 C. C. A. 543.

[4] Sawin v. Kenny, 93 U. S. 289, 23 L. Ed. 926, joint liability.; Equator Co. v. Hall, 106 U. S. 86, 1 Sup. Ct. 128, 27 L. Ed. 114; and Smale v. Mitchell, 143 U. S. 99, 12 Sup. Ct. 353, 36 L. Ed. 90, compulsory second trial; Barrett v. Virginian Co., 250 U. S. 473, 478, 39 Sup. Ct. 540, 63 L. Ed. 1092, and Knight v. I. C. R. R. (C. C. A. 6) 180 Fed. 370, 103 C. C. A. 514, voluntary nonsuits.

or convenient for the advancement of justice and the prevention of delays in proceedings."

The subject-matter was a rule for the service of process, and since it was not unreasonable to think that the powers and duties given to and imposed upon the federal court by Congress could be exercised more conveniently by disregarding the state practice and following the practice of the federal court, the adoption, of the latter plan was held to be justified.

We think the present situation is within the principle according to which Shepard v. Adams was decided. It cannot be material that the long-established and thoroughly understood practice, followed and observed by every one, had never been formulated and published in a code of rules. Congress had required that the District Judge should hold the court in four different places. To be able to exercise this jurisdiction, and insure that the federal laws could be promptly executed wherever the aid of the court was required, it was at least convenient, if not reasonably necessary, that no term of court should be finally closed until the next term had arrived; it would be often inconvenient, and sometimes impracticable, for the District Judge to sign the order book in open court; and the practice adopted by the District Judge clearly tends to "the advancement of justice and the prevention of delays in proceedings," and so supports the exercise of the power conferred by section 918. It does not depart from that "as near as may be" conformity which is all that is required by section 914. It is not without importance that Congress contemplates the holding of court in this district by any District Judge within the circuit, and District Courts in Kentucky may be, and often have been, held by judges from Michigan, Ohio, and Tennessee. If one of these judges presides at a trial in Kentucky, it is hardly to be inferred that the effect of the conformity statute alone can make it necessary for him to return to the district in order to sign the order book, if the judgment is to be entered after denial of motion for new trial, or any other steps taken which commonly occur after the judge has finished his hearings and gone home. This emphasizes the thought that entire conformity is not practicable.

There is no inconsistency between the Del Valle Case and our conclusion that the present case is within Shepard v. Adams. Louisiana then had only one place of holding the federal court, the city of New Orleans, and the judge was presumptively always present. There would therefore have been no such basis as here existed for the adoption of a rule like the one in the court below; and not only was this true, but the Louisiana District Court had adopted, as its own rule, the rule of the Louisiana Code, and the Del Valle Case presents no possible question of reconcilement between sections 914 and 918. In view of Shepard v. Adams and the other cases to the same effect,[5]

[5] Indianapolis Co. v. Horst, 92 U. S. 291, 300, 23 L. Ed. 898 (no duty to follow subordinate state rules which incumber, act is to some extent only advisory); Mexican Ry. v. Pinkney, 149 U. S. 194, 207, 13 Sup. Ct. 859, 37 L. Ed. 699 (act leaves the federal courts some degree of discretion); Southern Co. v. Denton, 146 U. S. 202, 208, 13 Sup. Ct. 44, 36 L. Ed. 912 (act not followed where it

we think it right to assume that if the situation in Louisiana had justified such a federal court rule as is here involved, and if such a rule had been made and observed without question as to all the judgments of the court for 20 years, the decision in the Del Valle Case would have been the other way.

We conclude that the judgment below was validly rendered on June 3, 1919, and it follows that the application for the writ was too late. Allowance is refused.

brings conflict with approved rule of general federal practice) ; Chappell v. U. S., 160 U. S. 499, 514, 16 Sup. Ct. 397, 40 L. Ed. 510 (similar act not followed into an unnecessary and unwise incumbrance of federal practice) ; Hills v. Hoover, 220 U. S. 329, 336, 31 Sup. Ct. 402, 55 L. Ed. 485, Ann. Cas. 1912C, 562 (act will not be followed when it defeats or incumbers the administration of federal laws) ; McDonald v. Pless, 238 U. S. 264, 35 Sup. Ct. 783, 59 L. Ed. 1300 (federal courts must adopt their own self-preserving rules).