Benjamin Gibson, Plaintiff in Error, *v.* Uri Manly et al., Defendants in Error.

ERROR TO MENARD.

In ejectment, if the party allows the year to elapse without getting a judgment vacated in the circuit court, and runs his chance of getting it reversed in this court, and fails, the judgment becomes conclusive, and he has no remedy.

Where an appeal is taken or writ of error prosecuted, the statute still gives the circuit court power to vacate the judgment within the year.

This cause was heard before Woodson, Judge, at May term, 1853, of the Menard Circuit Court.

The facts of the case will be found in the opinion of the court.

T. L. Harris, for plaintiff in error.

W. Herndon, for defendants in error.

Caton, J. This was an action of ejectment, and on the first day of April, 1852, a second trial was had in the circuit court, which resulted in a judgment in favor of the defendant below. That judgment was brought to this court and affirmed. After the decision of this court, and on the twenty-fourth of May, 1853, the plaintiffs below moved the court to reinstate the case on the docket, and to vacate the judgment and grant a new trial, which motion the court sustained; and the only question presented is, whether the court had the right to grant a new

trial after the expiration of the year from the time when the judgment was rendered.

The thirtieth section of our ejectment law reads as follows: " The court in which such judgment shall be rendered, at any time within one year thereafter, upon the application of the party against whom the same was rendered, his heirs or assigns, and upon the payment of all costs and damages recovered thereby, shall vacate such judgment and grant a new trial in such cause; and the court, upon subsequent application made within one year after the rendering of the second judgment in said cause, if satisfied that justice will thereby be promoted, and the rights of the parties more satisfactorily ascertained and established, may vacate the judgment and grant another new trial; but no more than two new trials shall be granted under this section." Without this statute the circuit court could not grant a new trial after the term at which the judgment was rendered. During the continuance of the term the judgment is under the control of the court, but after the term, it becomes conclusive, so far as the jurisdiction of that court is concerned. In view of the fact, however, that by our statute judgments in ejectment are made conclusive, as between the parties to the suit and their privies upon the title to the premises, authority was conferred upon the circuit court to vacate judgments in ejectment, and grant new trials upon certain terms at any time within one year after judgments are rendered. The first new trial is given to the losing party as matter of right, upon the payment of costs and damages, if applied for within that time; and the court may, in its discretion, grant a second new trial within the year after the second judgment. Upon this statute alone does the power of the circuit courts depend for granting new trials after the close of the term at which the judgment is rendered, and when exercised, it must be done in pursuance of the statute, and not otherwise. The statute has made no provision for excluding from the computation the time during which the case was pending in this court for review, and if the statute does not exclude it, the court has no power to do so, notwithstanding an appeal may be taken or writ of error prosecuted; the statute still gives the circuit court the power to vacate the judgment within the year. For that purpose the cause still remains before the circuit court. If the party will allow the year to elapse without getting the judgment vacated in the circuit court, he must run his chance of getting it reversed in this court; and if he fails here, the judgment becomes conclusive, and he has no remedy. The order of the circuit court, vacating the judgment and granting a new trial, must be

reversed, and the judgment which was entered on the first of April, 1852, must stand as the judgment of the court, and the cause remanded to the circuit court, with directions to execute the same.

*Judgment reversed.*