## REES v. CITY OF CHICAGO.

(April Term, 1865.)

WRIT OF ERROR — *new trial in ejectment under the statute — effect thereof pending a writ of error.* The vacating of the judgment in ejectment upon taking a new trial in the court below, under the statute, will not operate to discontinue a writ of error pending at the time, which was brought by the party thus taking the new trial, to reverse that judgment. Notwithstanding

Rees *v.* City of Chicago.

the judgment has been vacated, this court will retain jurisdiction of the writ of error, and decide the case as presented on the record.

THIS was upon writ of error upon a judgment rendered in the Superior Court of Chicago, in an action of ejectment.

Pending the writ of error, a new trial was awarded in the court below, under the statute, and the judgment vacated at the instance of the plaintiff in error.

The defendant in error therefore moved to dismiss the writ of error at the costs of the plaintiff, upon the ground that there is now no judgment in the court below to be affected by the decision of this court.

Per CURIAM: In the case of *Gibson* v. *Manly et al.,* 15 Ill. 140, this court held, that the pendency of a writ of error does not preclude the Circuit Court from granting a new trial and vacating the judgment which is sought to be reversed, and that the time during which the cause may be pending in this court for review will not be excluded in the computation of the time within which, under the statute, the judgment must be vacated and the new trial granted. In view of the ruling in that case, it would be a practical denial of the right of the unsuccessful party in an action of ejectment to bring the proceedings in review before this court, until all the new trials allowed by statute had been exhausted, should we hold that the fact of the judgment being vacated for the purpose of granting a new trial, would operate to discontinue the writ of error. It would rarely happen that the party bringing the cause here could know the result within such time, if unfavorable to him, as to enable him to take a new trial under the statute. We think the defeated party below should have the privilege of having the cause reviewed in this court, notwithstanding he may, in the mean time, out of abundant caution, take a new trial under the statute, in the court below. We will retain jurisdiction of the writ of error, and decide the case as presented on the record, although the judgment brought in question has been vacated and a new trial awarded in the Superior Court.

*Motion to dismiss overruled.*