The Indiana, Bloomington and Western Railway Company v. McBroom.

No. 12,034.

THE INDIANA, BLOOMINGTON AND WESTERN RAILWAY COMPANY v. McBROOM.

NEW TRIAL.—*Application for, as of Right.*—*Pending Appeal.*—The fact that an appeal has been taken, and is pending undisposed of in the Supreme Court, will not, in an action for the recovery of real estate, prevent the appealing party from taking a new trial as a matter of right, as provided by section 1064, R. S. 1881.

SAME.—*Supreme Court.*—*Dismissal of Appeal.*—Where the judgment has been vacated by the granting of a new trial as a matter of right, upon certification of such action to the Supreme Court, the appeal will be stricken from the docket.

SAME.—*Statute Granting New Trial as of Right Mandatory.*—When the application for a new trial as of right is made within one year as provided by statute, the trial court has no discretion—it must vacate the judgment and grant such new trial.

ELLIOTT, J., dissents.

From the Warren Circuit Court.

C. W. Fairbanks, L. Nebeker and H. H. Dochterman, for appellant.

J. McCabe, L. P. Miller and C. M. McCabe, for appellee.

HOWK, J.—The record of this cause shows that, on the the 29th day of June, 1883, appellant's motion for a new trial for cause having been overruled, the court rendered judgment in appellee's favor for the recovery of certain real estate, and the costs of suit, from which judgment the appellant prosecuted an appeal in this court. After such judgment was affirmed here, on June 12th, 1884, but before such appeal was finally disposed of here, on November 12th, 1884, by the overruling of appellant's petition for a rehearing, the record further shows that, on the 28th day of June, 1883, the appellant presented to the trial court its application in writing for a new trial as matter of right, under the provisions of section 1064, R. S. 1881, and, on the same day, filed in open court its written undertaking, with sureties approved by such court, that it would pay all costs and damages which should be recovered against it in this action. The

record further shows that thereupon, on the day last named, the court below ordered and adjudged that its former judgment in this action, rendered on June 29th, 1883, in favor of appellee and against the appellant, and its finding upon which such judgment was predicated, should be vacated, set aside and held for naught, and that a new trial of this action should be granted the appellant, on its written application as aforesaid.

Afterwards, on the 27th day of October, 1884, the parties appeared in the court below, and the appellee moved the court in writing to set aside its order and judgment, of the 28th day of June, 1884, vacating its previous judgment and granting the appellant a new trial of this cause, as matter of right, under the statute, upon the ground and for the reason that, by reason of the pendency of the aforesaid appeal from such previous judgment in this cause, in the Supreme Court as aforesaid, the circuit court had no jurisdiction, power or authority to vacate and set aside the judgment so appealed from, and grant such new trial as of right, as was done in this cause, or to hear or entertain appellant's application therefor. The circuit court sustained the appellee's motion, and set aside its order and judgment of June 28th, 1884, vacating its previous judgment of June 29th, 1883, and granting appellant a new trial of this cause, as a matter of right.

The appellant excepted to the decision of the circuit court upon appellee's motion, and has appealed therefrom, and, by proper assignments of error here, has presented the question of the correctness of that decision for the consideration of this court.

In section 1064, R. S. 1881, under which the appellant's application for a new trial of this cause, as a matter of right, was addressed to the circuit court, it is provided as follows: "The court rendering the judgment, on application made within one year thereafter by the party against whom judgment is rendered, his heirs, assigns, or representatives, and on the applicant giving an undertaking, with surety to be approved by the court or clerk, that he will pay all costs and

damages which shall be recovered against him in the action, shall vacate the judgment and grant a new trial. The court shall grant but one new trial under the provisions of this section."

In this case, the appellant made its application for a new trial as of right, to the proper court, within the time given, and, in all respects, complied strictly and literally with the terms and requirements of the statute. But it is claimed that by reason of the appeal to this court, and of the pendency of such appeal, the circuit court is deprived of all jurisdiction to grant an application for a new trial, when the statute imperatively requires that it shall grant such new trial. In the case provided for therein, the section of the statute quoted confers jurisdiction of an application for a new trial as of right, upon the court rendering the judgment; and the fact, if it be the fact, that such judgment has been appealed from, does not render such court any the less the court which rendered the judgment, nor deprive it of its express statutory jurisdiction. When the application is made to the proper court, within the time limited by the statute for such new trial as of right, the court has no discretion; it must vacate the judgment and grant such new trial. When the judgment is thus vacated, if it has been appealed from, it will be vacated and set aside as well in the appellate court as in the court rendering the judgment, and if the action of the latter court, in vacating the judgment, is certified to the appellate court, the appeal will be stricken from its docket without further action thereon.

This is not a case in which it can be correctly said that the party has his election between two remedies, and that, if he choose and pursue one, he can not afterwards claim the benefit of the other. In such cases as the one at bar, the statute quoted gives the losing party an additional right or remedy, peculiar to the case. He may, if he choose so to do, first exhaust all the methods, common to other civil actions, for the purpose of obtaining a new trial, and then, if he fail, he

may as a last resort make his application for a new trial as of right, under the section of the statute above quoted. This is a right he does not waive or estop himself from asserting by his previous efforts to obtain a new trial for cause, whether in the court rendering the judgment or in the appellate court. If he make his application for a new trial as of right, to the court rendering the judgment, and give the undertaking with approved surety, as required by the statute, within one year after the rendition of the judgment, the court has no discretion in the case, but must vacate the judgment and grant the new trial. This is what the court correctly did, in the case in hand, on the 28th day of June, 1884.

For the reasons given we are of opinion that the court erred in sustaining appellee's motion to set aside its order and judgment vacating its previous judgment and granting the appellant a new trial of this cause as of right, under the statute.

The judgment is reversed, with costs, and the cause is remanded, with instructions to overrule appellee's motion, etc., and for further proceedings not inconsistent with this opinion.

Filed Oct. 17, 1885.

## DISSENTING OPINION.

ELLIOTT, J.—I can not concur in the prevailing opinion for two reasons:

*First.* The appeal took the case from the jurisdiction of the circuit court, and that court could not, while the case was in the Supreme Court, grant a new trial either as of right or for cause.

*Second.* The appellant had an election between inconsistent remedies, and having elected that of appeal he can not go into the trial court and secure a new trial.

Filed Oct. 17, 1885.