## The Huron.[1]

*(District Court, D. Massachusetts. November 20, 1886.)*

MARITIME LIEN—SUPPLIES—DEPARTURE FROM PORT—FOREIGN PORT—PUB. ST. MASS. CH. 192, § 15.

  To sustain a lien for supplies furnished a vessel while in her home port, it is incumbent on the material-man, by Pub. St. Mass. c. 192, § 15, to file his claim within four days after the departure of the vessel from the port at which she was when the debt was contracted. A cruise from Boston to Newport, though made in order to attend a regatta, is "a departure," within the meaning of the act. As Newport was a foreign port, the libelant is entitled, under the general admiralty law, to a lien for such of the supplies as were furnished after her arrival at that port, notwithstanding the fact that the goods were ordered from Newport at Boston, and were sent to the yacht at Newport by express.

In Admiralty. Libel *in rem* for supplies furnished partly in home and partly in a foreign port.

*C. F. Loring*, for libelants.

*R. Stone*, for claimant.

---

[1] Reported by Theodore M. Etting, Esq., of the Philadelphia bar.

NELSON, J. This was a libel against the yacht-sloop Huron, owned by the late William Gray, for supplies furnished in the month of August last. Some of these supplies were furnished by the yacht in Boston, which was her home port, and a part were furnished after the yacht went to Newport on a pleasure excursion, to attend a regatta on August 6th. The statement of the claim required by the Massachusetts Public Statutes, c. 192, § 15, was not filed in the city clerk's office in Boston until more than four days after the yacht left for Newport. It was contended by the claimant that there was no lien upon the yacht for the supplies furnished. The court disallowed that part of the claim, which was for supplies furnished while the yacht was in Boston. It was decided, as to this part, that going to Newport on a pleasure excursion was a departure from the port, within the meaning of the statute; which provides that the lien is dissolved unless a statement of the claim is filed at the clerk's office within four days after the departure of the vessel from the port at which she was when the debt was contracted. *The Helen Brown,* 28 Fed. Rep. 111. As to the part of the supplies which were furnished by the libelants while the yacht was at Newport, the court held that while at Newport she was in a foreign port, and, under the general admiralty law, the libelants could claim a lien, although the goods were ordered from Newport at Boston, and were sent to the yacht at Newport by express. There was accordingly a decree for the libelants for that part of the supplies furnished in the sum of $93.94, and costs.