# JANUARY TERM, 1890.

JONATHAN BOYCE v. J. BYRON JUDKINS, CIRCUIT JUDGE OF OSCEOLA COUNTY.

[See 66 Mich. 210.]

*Ejectment—Second trial.*

Under the provisions of How. Stat. § 7822, a plaintiff in ejectment has the right to a new trial, on payment of costs, within three years after the affirmance of the judgment in the Supreme Court. *Clark v. Circuit Judge,* 62 Mich. 355.

*Mandamus.* Submitted January 7, 1890. Granted January 8, 1890.

Relator applies for *mandamus* to compel the granting of a second trial in ejectment. The facts are stated in the opinion.

*C. A. Withey,* for relator.

*C. H. Rose,* for respondent.

PER CURIAM. This is an application for *mandamus* to compel the respondent, as circuit judge of Osceola county, to grant a second trial in ejectment, under the provisions of section 7822 of Howell's Statutes.

The cause was tried before a jury, who, under the direction of the court, rendered a verdict in favor of the defendant in the suit on April 27, 1886, and judgment

was entered on the verdict on that day. Plaintiff, the petitioner herein, removed the cause to this Court by writ of error, and on June 9, 1887, the judgment of the court below was affirmed.[1] On November 25, 1889, the plaintiff, having paid all the costs, made application for a second trial of the cause. This application the trial court denied, on the ground that more than three years had elapsed since the rendition of the judgment in the circuit court upon the verdict.

In this the court was in error. Under the provisions of this statute, the plaintiff had the right to the second trial upon payment of costs, and application made therefor, within three years after the affirmance of the judgment in this Court.

A somewhat analogous question arose in *Clark v. Circuit Judge,* 62 Mich. 355 (28 N. W. Rep. 894), under section 7839, which provides for the payment into court, in ejectment suits, of such sums as shall be assessed for buildings and improvements within one year after rendition of judgment for the recovery of the premises. It was held that the statutory year runs from the time of entering final judgment in the cause, and is suspended pending the removal of the cause to this Court. In that case the time was computed from the time of entry of the judgment in this Court. In the present case the judgment was entered in this Court on June 9, 1887. The application for the second trial was made within the three years from the entry of that judgment; and the second trial should have been allowed, under the provisions of the statute.

The writ must be granted.

---

[1] See *Boyce v. Sebring,* 66 Mich. 210.