IRON SILVER MIN. CO. v. MIKE & STARR GOLD & SILVER MIN. CO.

(Circuit Court of Appeals, Eighth Circuit. June 26, 1893.)

No. 255.

NEW TRIAL AS OF RIGHT—COLORADO STATUTE—TIME FOR APPLICATION.

Under Code Proc. Colo. c. 23, § 272, giving a defendant in ejectment a right to a new trial upon application therefor and payment of costs within a limited time after judgment is rendered, such application must be made within the statutory period after judgment at nisi prius. The beginning of the period is not deferred until the mandate of the appellate court affirming the judgment is entered in the trial court.

In Error to the Circuit Court of the United States for the District of Colorado.

At Law. Action of ejectment in the district court of Lake county, Colo., by the Iron Silver Mining Company against the Mike & Starr Gold & Silver Mining Company. The cause was removed to the United States circuit court for the district of Colorado, and judgment there given for plaintiff. This was affirmed by the supreme court. 12 Sup. Ct. Rep. 543, 143 U. S. 394, 430. Plaintiff thereafter moved for a new trial as of right, under the Colorado statute, which motion the circuit court overruled. Plaintiff brings error. Affirmed.

Statement by THAYER, District Judge:

The plaintiff in error brought an action of ejectment against the defendant in error in the district court for Lake county, Colo., on the 20th of February, 1885. Subsequently the action was removed to the United States circuit court for the district of Colorado, and was tried before a jury in that court, the trial resulting in a verdict for the defendant. A motion for a new trial for errors alleged was filed and overruled in the circuit court, and a judgment was rendered in favor of the defendant on November 21, 1885. To reverse such judgment the plaintiff below prosecuted a writ of error to the supreme court of the United States, but the record does not show when such writ of error was sued out. It does disclose, however, that a mandate from the supreme court, affirming the judgment of the circuit court, was filed in the circuit court on November 29, 1892. 12 Sup. Ct. Rep. 543. Section 272 of chapter 23 of the Code of Procedure of Colorado, which chapter is entitled, "Of Actions for Possession and Damages," is as follows:

"Whenever judgment shall be rendered against either party under the provisions of this chapter, it shall be lawful for the party against whom such judgment is rendered, his heirs or assigns, at any time before the first day of the next succeeding term, to pay all costs recovered thereby, and upon application of the party against whom the same was rendered, his heirs or assigns, the court shall vacate such judgment and grant a new trial in such case, and neither party shall have but one new trial in any case, as of right without showing cause. And after such judgment is vacated, the cause shall stand for trial, the same as though it had never been tried. * * * "

Acting under this provision of the Colorado Code, the plaintiff in error, on December 22, 1892, filed a motion in the circuit court to vacate the judgment theretofore rendered in the cause, and to grant a new trial. The motion averred (and the fact is conceded) that the judgment of affirmance was rendered by the supreme court of the United States on February 29, 1892, and that thereafter and prior to the first day of the next succeeding term of the circuit court for the district of Colorado the plaintiff paid all the costs recovered in the action, as the statute requires.

The circuit court overruled said motion, whereupon the plaintiff duly excepted to such action, and sued out the present writ of error.

Harvey Riddell, (Frank W. Owers, James C. Starkweather, and Edward L. Dixon, on the brief,) for plaintiff in error.

Thomas M. Patterson, for defendant in error.

Before BREWER, Circuit Justice, SANBORN, Circuit Judge, and THAYER, District Judge.

THAYER, District Judge, after stating the case as above, delivered the opinion of the court.

The controversy before us turns on the construction of the above-quoted section of the Colorado Code of Procedure, and the question to be determined is this: When, within the meaning of the statute, is a judgment rendered, so that the time limited for the payment of costs, in order to secure a new trial, begins to run? It is not questioned that the provision requiring the payment of costs prior to the first day of the next succeeding term after the judgment is rendered is a condition precedent to the right to have the judgment vacated. On the one hand, however, it is contended that on the facts disclosed by the present record the judgment was not rendered until it was affirmed by the supreme court on February 29, 1892, and that the costs were paid in time if paid prior to the next succeeding term of the United States circuit court for the district of Colorado; on the other hand, the contention is that the time limited to pay the costs began to run from November 21, 1885, when the judgment was first entered in the circuit court.

The courts of Colorado do not appear to have construed the statute to which the discussion relates, but it was stated in argument (and the statement is not denied) that the universal practice in that state has hitherto been to treat the judgment as rendered on the day it was entered in the trial court, for the purpose of computing the time when costs must be paid to entitle the losing party to a new trial. Indeed, it was broadly stated in argument that this is the first time that an attempt has been made in that state, to obtain a ruling, that, where a judgment has been rendered at nisi prius, and a writ of error has been sued out, and the judgment affirmed, the time limited for the payment of the costs only begins to run when the judgment of affirmance is entered.

In passing, we may remark that the practical construction of a statute such as this, in the state where it was enacted,—that is to say, the interpretation that has been generally placed upon it by the members of the bar in the trial of litigated cases,—is certainly entitled to great weight.

The adjudged cases that have an immediate bearing upon the point that we have to decide are the following: Bank v. White, 23 N. Y. 347; Railway Co. v. McBroom, 103 Ind. 310, 2 N. E. Rep. 760; Boyce v. Circuit Judge, 79 Mich. 154, 44 N. W. Rep. 343; Clark v. Green, 62 Mich. 355, 28 N. W. Rep. 894; and Smale v. Mitchell, 143 U. S. 99, 12 Sup. Ct. Rep. 353. The first of these cases is a direct adjudication, under a New York statute in all respects similar to the Colorado statute, that when a judgment

is rendered at nisi prius, and an appeal is taken, the time limited to pay costs to entitle the losing party to a new trial, begins to run from the time the judgment is rendered at nisi prius, and not from the time the judgment is affirmed on appeal. The decision in the Indiana case above cited also proceeds upon the assumption that the statute of that state which grants a new trial if the losing party, within one year after the rendition of judgment, gives security to pay all costs and damages, requires such security to be given within the year succeeding the rendition of the judgment at nisi prius, and not within a year after the affirmance of such judgment on appeal. The decision in Smale v. Mitchell, 143 U. S. 99, 12 Sup. Ct. Rep. 353, merely holds that, if a new and different judgment is directed to be entered in the trial court by the mandate sent down from the appellate court, then the period limited to pay costs under the Illinois statute begins to run from the time that such new and different judgment is entered pursuant to the direction of the appellate tribunal. It may be conceded that the Michigan case above cited (Boyce v. Circuit Judge, 79 Mich. 154, 44 N. W. Rep. 343) fully supports the contention in behalf of the plaintiff in error.

In this condition of the authorities we are left at liberty to determine which is the better construction of the statute in question, and, in our judgment, the weight of reason is in favor of the contention that the judgment referred to in the statute, from the rendition of which the time to pay costs begins to run, is the judgment which is rendered in the trial court, rather than the judgment which happens to be rendered on writ of error. This is certainly the better view when, as in the case at bar, the judgment of the trial court is not modified in any respect by the appellate tribunal, but is simply affirmed. An order of that nature is in reality a judgment rendered in a new suit, which is instituted in the appellate court by suing out a writ of error; and we can discover nothing in the Colorado statute which seems to indicate that the time limited to pay costs is to be computed from the rendition of the judgment in such new and independent proceeding. It is fair to presume that the statute refers to that judgment to which the motion to vacate and for a new trial must be addressed, rather than to the judgment rendered in the new suit, that is brought to correct errors in the record.

Furthermore, we think that counsel for the plaintiff in error take undue liberty with the statute in question when they supply words so as to make it read, "whenever judgment shall be (finally) rendered," etc., and when they assert that a judgment at nisi prius is not rendered, within the meaning of the statute, if the losing party has a right to prosecute a writ of error, until it has been thus reviewed, and until the proper appellate tribunal has declared that there is no error in the record. If that view is sound, it follows logically that a judgment is not rendered, within the contemplation of the statute, until the time allowed to sue out a writ of error has expired, although long prior thereto the judgment may have

been enforced on execution. A view that leads to such a singular, not to say absurd, result, ought not to prevail.

And finally, we entertain the opinion that litigants ought not to be encouraged to try the experiment in the first instance of obtaining a new trial for cause in an appellate court, by conceding to them the privilege after such attempt, and, after years of litigation, to then demand a new trial as a matter of right.

It follows that the circuit court properly denied the motion to vacate the judgment of November 21, 1885, and its action in that behalf is hereby affirmed.