IRON SILVER MIN. CO. v. CAMPBELL et al.

(Circuit Court of Appeals, Eighth Circuit. May 7, 1894.)

No. 356.

NEW TRIAL AS OF RIGHT—ACTION FOR POSSESSION OF REAL PROPERTY.

Code Civ. Proc. Colo. 1887, § 272, provides that in an action to recover possession of real property, "whenever judgment shall be rendered against either party," he may, before the next term, pay the costs recovered, and on his application the court shall grant a new trial, "and neither party shall have but one new trial in any case as of right without showing cause." *Held* to apply to a defeated party in such an action, who has never had a new trial of his case as of right, under that statute, regardless of the number of new trials he may have had for cause.

In Error to the Circuit Court of the United States for the District of Colorado.

This was an action by Peter Campbell and others against the Iron Silver Mining Company for possession of certain real property. A judgment for plaintiffs was reversed on appeal to the supreme court, and a new trial ordered. 10 Sup. Ct. 765. On the new trial the jury found a verdict for plaintiffs, and judgment for them was entered thereon. Defendant made a motion to vacate the judgment, and for a new trial as of right, which was granted (56 Fed. 133), but subsequently the order thereon was vacated. Defendant brought error.

Joel F. Vaile (Edward O. Wolcott and Frank W. Owers, on the brief), for plaintiff in error.

Thomas M. Patterson, for defendants in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

SANBORN, Circuit Judge, delivered the opinion of the court.

Is the defeated party in an action for the recovery of the possession of real property entitled to a new trial as of right, under the Colorado statutes, after a second judgment has been rendered against him on the verdict of a jury in a case in which the first

judgment to the same effect had been reversed, and a new trial granted for cause?

The statutes of Colorado provide that the distinct forms of actions and suits heretofore existing are abolished, and that every action shall be prosecuted in the name of the real party in interest. Colo. Code Civ. Proc. 1887, §§ 1, 3. Section 265, c. 23, of this Code, provides that:

"An action to recover the possession of real property may be brought in any case where an action of ejectment or a writ of right might have been brought at common law, or in any case where the plaintiff claims a legal estate in real property or lands, in fee, or for life, or for years, or claims the legal right to occupy and possess the same. * * *"

And section 272 of the same chapter provides that:

"Whenever judgment shall be rendered against either party, under the provisions of this chapter, it shall be lawful for the party against whom such judgment is rendered, his heirs or assigns, at any time before the first day of the next succeeding·term, to pay all costs recovered thereby, and upon application of the party against whom the same was rendered, his heirs or assigns, the court shall vacate such judgment and grant a new trial in such case, and neither party shall have but one new trial in any case as of right without showing cause. And after such judgment is vacated, the cause shall stand for trial, the same as though it had never been tried. * * *"

It is now well settled that litigants in the national courts are entitled to the same rights and remedies under this statute as those in the state courts. Miles v. Caldwell, 2 Wall. 35; Smelting Co. v. Hall, 106 U. S. 86, 88, 1 Sup. Ct. 128.

May 21, 1885, Peter Campbell, W. Y. Suydam, Charles S. Thomas, Betty Wheeler, and Martha E. Allen, the plaintiffs below and the defendants in error in this court, recovered a judgment in the circuit court for the district of Colorado against the Iron Silver Mining Company, the defendant below and the plaintiff in error here, in an action to recover the possession of the real property described in their complaint in this action. No application was made to vacate this judgment under this statute, but a writ of error was sued out of the supreme court to reverse it. April 28, 1890, this judgment was reversed for error by the supreme court, and a new trial was ordered. April 3, 1893, after a new trial pursuant to the order of the supreme court, and upon the verdict of a jury, a second judgment in favor of the plaintiffs below was rendered in the circuit court. Before the first day of the term next succeeding the rendition of this judgment, the plaintiff in error paid all the costs of the action, and thereafter made a motion to vacate the judgment, and for a new trial, as of right, under section 272 of the Code of Colorado, supra. May 20, 1893, that motion was granted by the circuit court, Judge Thomas presiding. His opinion appears in 56 Fed. 133. July 22, 1893, the circuit court, in which other judges were then presiding, vacated the order of May 20, 1893, and directed the judgment of April 3, 1893, to stand. This order is assigned as error, and will first be considered.

The fiction by which John Doe and Richard Roe were made to represent the plaintiff and defendant, respectively, in an action of ejectment at common law permitted any number of actions of this

character to be maintained between the same parties in interest after verdict and judgment. The litigation terminated only when the unsuccessful party tired of his futile efforts, or when a court of equity, after repeated trials at law resulting in like verdicts and judgments, enjoined the unsuccessful party from harassing, by future actions in ejectment, him who had recovered these judgments. The effect of section 3 of the Code of Colorado, which required actions in ejectment to be prosecuted in the name of the real party in interest, was to put an end to this practice. Under that section, standing alone, the first verdict and judgment in ejectment, as in other cases, unless it was set aside or vacated for cause, would be conclusive of the rights of the parties, that were, or might have been, there litigated. The action of ejectment, or, as the Colorado Code has it, the "action to recover the possession of real property," is the favorite action in which to. try the title to such property. Real property has long been held in higher esteem among the English-speaking nations than any other form of property, and the titles to it have been guarded with jealous care. The legislature of Colorado, in common with those of nearly all the other states that abolished the fiction that prevailed in the action of ejectment, evidently deemed the title to real property too sacred to be risked upon the result of a single trial. Doubtless, they feared that the real owner might sometimes lose the first trial through some unknown defect in his own title, that to know was to remedy, or, through some apparent but groundless title in his opponent, that to be seasonably apprised of was to defeat. To guard the real owner against these evils the legislature of Colorado provided that every party against whom a judgment was rendered in an action to recover the possession of real property should be entitled to another trial of his case, as of right, provided he paid the costs before the next succeeding term, and properly applied for it, and provided he had not already had a new trial as of right in the same case. Section 272, supra.

In the case before us, judgment was rendered aagainst the plaintiff in error April 3, 1893. Before the next succeeding term, it paid the costs, and then seasonably applied for another trial as of right, under this statute. It had never before applied for or obtained a new trial as of right, in this case. It is difficult to see why these facts did not bring this case clearly within the letter and spirit of this statute, and why they did not impose upon the circuit court the imperative duty of vacating the judgment, and granting the new trial.

It is urged in opposition to this view that the plaintiff in error had the right to a vacation of the judgment of May 21, 1885, and to a new trial then, under this statute, and that, as it did not exercise that right, it has lost the right to a vacation of the judgment of April 3, 1893. It is doubtless true that the mining company had the right to have the judgment of May 21, 1885, set aside, under this statute, and that, as it did not exercise that right by paying the costs before the term next succeeding its rendition, it lost that statutory right to set that judgment aside. If the supreme

court had affirmed that judgment in 1890, when it reversed it, it would then have been too late for the plaintiff in error to have paid the costs, and laid the foundation for an application to vacate that judgment as of right, under the statute, because it would then have been subsequent to the first day of the next succeeding term after its rendition. This was decided, and this was all that was decided, by this court, in Iron Silver Min. Co. v. Mike & Starr Gold & Silver Min. Co., 56 Fed. 956, 6 C. C. A. 180.

But the plaintiff in error is not seeking to set aside the judgment of May 21, 1885. That judgment was reversed for cause by the supreme court, and the mining company never applied to the circuit court to take any action regarding it under this statute. The judgment, and the only judgment, that the plaintiff in error ever asked that court to vacate under this statute was that rendered April 3, 1893. The statute does not confine the right of the defeated party to the first judgment against him, but expressly provides that he shall have the right "whenever judgment shall be rendered" against him, if he has not before exercised the right. The right of the unsuccessful party to a new trial under this statute, without showing cause, is an additional right or remedy peculiar to the action to recover the possession of real property. The statute which gives it does not deprive him of any right to a new trial for error, or for any cause that would have entitled him to it in a case of another class, or that would have entitled him to a new trial in an action of ejectment, in the absence of this statute. He may exhaust all his remedies for obtaining a new trial for cause, and then, if he fails, he may demand it as of right, provided he pays the costs within the time limited by the statute and makes his demand in the manner prescribed thereby. This is made clear by the provision in section 272 that "neither party shall have but one new trial in any case as of right without showing cause." "Expressio unius est exclusio alterius." This is a plain declaration that the new trial the defeated party obtains by showing cause shall not be counted against his right to one new trial under this statute without showing cause.

Our conclusion is that, under section 272 of the Colorado Code of Civil Procedure (1887), the defeated party in an action to recover the possession of real property, who has never had a new trial of his case as of right, under that statute, is entitled to the vacation of any judgment rendered against him, and to a new trial of his case, without showing cause, if he pays the costs before the first day of the term next succeeding the rendition of the judgment, and makes proper application therefor, regardless of the number of new trials he may have had for cause. Smelting Co. v. Hall, 106 U. S. 86, 88, 1 Sup. Ct. 128; Smale v. Mitchell, 143 U. S. 99, 12 Sup. Ct. 353; Iron Silver Min. Co. v. Mike & Starr Gold & Silver Min. Co., 56 Fed. 956, 6 C. C. A. 180; Landon v. Townshend (Sup.) 18 N. Y. Supp. 552; Gibson v. Manly, 15 Ill. 140; Rees v. City of Chicago, 40 Ill. 107; Railway Co. v. McBroom, 103 Ind. 310, 2 N. E. 760; Gilman v. Circuit Judge, 21 Mich. 372; Butterfield v. Walsh, 25 Iowa, 263.

Various rulings of the court upon the trial are assigned as error in this record, but the counsel for the defendants in error strenuously insists that the questions argued under these assignments were never fairly presented to the trial court. The conclusion we have reached on the question already considered necessitates a new trial of this case, in any event, and renders it unnecessary to consider any other question.

The order of July 22, 1893, which vacated and set aside the order of May 20, 1893, vacating the judgment of April 3, 1893, and granting a new trial, is reversed, with costs; and the case is remanded to the circuit court, with instructions to grant a new trial, in accordance with the order of May 20, 1893.